**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RANDALL K. LUBIN,

               Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

               Defendant - Appellee.

No. 11-35462

D.C. No. 6:09-cv-01043-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted July 13, 2012
Portland, Oregon

Before: PREGERSON and BYBEE,[**] Circuit Judges, and MARSHALL, Senior
District Judge.[***]

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     Judge Bybee was drawn to replace Judge B. Fletcher.  He has read the
briefs and reviewed the record.

      [***]     The Honorable Consuelo B. Marshall, Senior District Judge for the
U.S. District Court for the Central District of California, sitting by designation.

Plaintiff-Appellant Randall K. Lubin ("Lubin") appeals the district court's judgment upholding the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

"We review de novo a district court's judgment upholding the denial of social security benefits." *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). We "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Id.* (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)).

1.      Lubin claims the ALJ failed to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of Lubin's treating physician, Dr. Mechling. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("[W]here the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons."). We agree. The ALJ rejected Dr. Mechling's assessment of Lubin's mental health and mental residual functional capacity because it was not supported by Dr. Mechling's treatment notes and because Lubin did not require or seek aggressive treatment.

First, Dr. Mechling's opinion that Lubin was unfit for work due to major

depression and acute anxiety, and her assessment of Lubin's mental residual functional capacity, are well documented in her notes. Between January 2005 and December 2006, Dr. Mechling diagnosed Lubin with major depression, atypical depression, and acute anxiety. She prescribed numerous anti-anxiety and anti-depression medications. After years of treating Lubin for anxiety, depression, and stress, Dr. Mechling completed a mental residual functional capacity assessment and found Lubin moderately-to-markedly limited in almost all areas. As the physician who treated Lubin for depression and anxiety, Dr. Mechling was especially qualified to determine Lubin's mental functional capacity and limitations. *See Lester*, 81 F.3d at 833 ("The treating physician's continuing relationship with the claimant makes him [or her] especially qualified . . . to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment.").

Second, Lubin sought treatment from Dr. Mechling, but he was unable to afford additional therapy. Lubin's failure to seek treatment because of an inability to afford it is not a clear and convincing reason to reject Dr. Mechling's assessments. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Finally, although Lubin did not seek emergency intervention for his ongoing depression and anxiety, he frequently sought help from Dr. Mechling. Despite the

3

number of medications he was taking and his frequent visits to Dr. Mechling, Lubin continued to experience frequent, recurrent, and debilitating bouts of anxiety and depression.

Thus, the ALJ's reasons for rejecting Dr. Mechling's opinion were not clear and convincing.

**2.** The ALJ also erred in rejecting the uncontradicted opinion of Dr. Shields, Lubin's examining psychologist, without giving clear and convincing reasons. *See Lester*, 81 F.3d at 830. The ALJ rejected Dr. Shields's assessment because it: (1) was based on Lubin's subjective reports that the ALJ found unreliable; (2) lacked objective support from a treating psychologist or psychiatrist; and (3) was inconsistent with the observations documented by the disability investigators.

First, questioning the credibility of Lubin's complaints is not a clear and convincing reason to reject Dr. Shields's opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."). Dr. Shields, a licensed psychologist, found Lubin credible, and nothing in the record suggests that Dr. Shields relied on Lubin's subjective

4

complaints more heavily than on his own clinical observations in reaching the conclusion that Lubin exhibited "a severe level of depression and anxiety;" was unable to maintain persistence and pace for 8 hours a day, 5 days a week; and had problems with concentration.

Second, as a licensed psychologist, Dr. Shields is an "acceptable medical source[]" within the meaning of 20 C.F.R. § 416.913(a); a treating psychologist is not necessary to establish disability. Moreover, Dr. Shields's opinion was consistent with treating physician Dr. Mechling's observations.

Finally, Dr. Shields's medical opinion is given more weight than the brief observations documented by the non-treating, non-examining, non-medical disability investigators. *See* 20 C.F.R. §§ 404.1527, 416.927 (the opinion of an acceptable medical source is given more weight than that of non-medical sources, as defined in 20 C.F.R. §§ 404.1513(d), 416.913(d)).

Thus, the ALJ did not provide clear and convincing reasons for rejecting Dr. Shields's opinion.

**3.** Although the ALJ found that Lubin suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert. The ALJ must include all restrictions in the

5

residual functional capacity determination and the hypothetical question posed to the vocational expert, including moderate limitations in concentration, persistence, or pace. 20 C.F.R. §§ 404.1545, 416.945; *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

Limiting Lubin "to one to three step tasks due to pain and prescription drug/marijuana use" did not capture the limitation in concentration, persistence, or pace found by the ALJ. The work described by the vocational expert may still require the speed and concentration Lubin lacks. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. Appx. 211, 212 (9th Cir. 2009) (unpublished). The hypothetical question should have included Lubin's moderate limitations in concentration, persistence, or pace.

Because the ALJ's hypothetical question to the vocational expert did not reflect all of Lubin's limitations, "the expert's testimony has no evidentiary value to support a finding that [Lubin] can perform jobs in the national economy." *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).

4. Finally, the ALJ erred in rejecting Lubin's wife's lay witness testimony without giving germane reasons for doing so. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines

to disregard such testimony and gives reasons germane to each witness for doing so.").  The ALJ did not reject Mrs. Lubin's testimony; the ALJ referred to Mrs. Lubin's testimony only to discount *Lubin*'s testimony.

Nevertheless, the error was harmless because Mrs. Lubin's testimony was substantially, if not exactly, the same as Lubin's.  *See Molina v. Astrue*, 674 F.3d 1104, 1121-22 (9th Cir. 2012).  On remand, however, we suggest the ALJ "tie the reasoning of [the] credibility determinations to the particular witnesses whose testimony [the ALJ] reject[s]."  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

We reverse and remand to the district court with instructions to remand to the ALJ for further proceedings consistent with this decision.  We do not reach Lubin's other claims of error.

**REVERSED and REMANDED for further proceedings.**